NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 08-4879

——————————

In Re:  Summit Metals, Inc.,
Debtor


Ambrose M. Richardson, III,
Appellant


——————————

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-08-cv-00005)
District Judge: Honorable Sue L. Robinson

——————————

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2011

Before: AMBRO and  FISHER, <u>Circuit Judges</u>
and SÁNCHEZ,[*] <u>District Judge</u>

(Opinion filed:  January 14, 2011)

——————————

OPINION

——————————

---

[*] Honorable Juan R. Sánchez, District Court Judge, Eastern District of Pennsylvania, sitting by designation.

AMBRO, Circuit Judge

Appellant Ambrose M. Richardson, III, seeks, pursuant to 11 U.S.C. § 503(b), administrative expense priority treatment in a District of Delaware bankruptcy case for what he characterizes as fees and costs that he has incurred since 1995 in connection with numerous legal proceedings involving Richard E. Gray and several corporate entities Gray has owned and/or controlled.[1]

Gray filed a bankruptcy petition on behalf of Summit Metals, Inc. ("Summit") in December 1998. In February 2005, Richardson filed an application in that case seeking administrative expense priority status under 11 U.S.C. § 503(b) for approximately $877,000 in expenses and fees relating to his involvement in the above-noted proceedings. The U.S. Trustee, the Chapter 11 Trustee in the case, and the committee representing Summit's unsecured creditors (the "Committee") all opposed this application.

The Bankruptcy Court held a two-day hearing on the merits of the application and also requested post-hearing briefing. In December 2007, the Bankruptcy Court issued an

---

[1] These corporate entities include Summit Metals, Inc. ("Summit"), the debtor in the current bankruptcy proceedings; its predecessor in interest, The Chariot Group, Inc. ("Chariot"); Energy Savings Products, Inc. ("ESP"), a subsidiary of Chariot; and B.F. Rich, an operating company owned by ESP.

The relevant legal proceedings identified in the record and the parties' briefs are the following: litigation related to Chariot that was pending in state court prior to the Summit bankruptcy; bankruptcy adversary proceedings filed by Gray, on behalf of Summit, against Richardson; a bankruptcy adversary proceeding filed against Gray by the Committee of Unsecured Creditors; the bankruptcy case of ESP; and criminal proceedings against Gray.

2

order granting in part and denying in part Richardson's application.[2]  Richardson

appealed the order to the District Court, which affirmed.  He timely filed a *pro se* appeal

to this Court, and the U.S. Trustee and the Chapter 11 Trustee filed briefs in opposition.

 After reviewing the parties' briefs and relevant portions of the record, we conclude

that the District Court correctly applied the relevant legal standards, and affirm for

substantially the reasons stated by that Court.  Simply put, we have nothing to add to the

careful opinion of District Judge Robinson affirming the thoughtful analysis of

Bankruptcy Judge (now Chief Judge) Carey.

---

 [2] Richardson was allowed administrative expense priority treatment for $2,533.65 in
out-of-pocket expenses that he incurred in his capacity as a member of the Committee in
Summit's bankruptcy case.